**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5567-16T3

GABRIELLE TITO ABDELHAK,

    Plaintiff-Respondent,

v.

YAAKOV ABDELHAK,

    Defendant-Appellant.

_____

> Submitted November 26, 2018 – Decided December 4, 2018
>
> Before Judges Sabatino and Haas.
>
> On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Bergen County, Docket No. FM-02-0538-05.
>
> The Salvo Law Firm, PC, attorneys for appellant (Karen N. Grayson-Rodgers, on the briefs).
>
> Weinstein Lindemann & Weinstein, PC, attorneys for respondent Gabrielle Tito Abdelhak (Jeffrey P. Weinstein, of counsel and on the brief; Rachel Zakarin and Kelscey A. Boyle, on the brief).
>
> Respondent Linda Schofel has not filed a brief.

PER CURIAM

In this post-judgment divorce case, defendant Yaakov Abdelhak, M.D., appeals the Family Part's July 27, 2017 order granting attorney's fees to his former wife, plaintiff Gabrielle Tito Abdelhak. Plaintiff incurred the counsel fees in connection with motion practice and a plenary hearing arising from defendant's failure to pay his share of the charges of a parenting coordinator.

The parenting coordinator had been appointed by the court to aid in resolving the parties' bitter disputes over various matters concerning their children. The court ultimately ordered defendant to pay his share of the parenting coordinator's charges, a determination he has not pressed on appeal.

Defendant argues the counsel fee awarded to plaintiff's attorney, however, was excessive and unfair. Among other things, he contends plaintiff's motion to compel payment to the parenting coordinator, after the coordinator herself had presented the non-payment issue to the court, was improper; the presence of plaintiff's counsel at the plenary hearing was redundant and unnecessary; and portions of the fee award improperly included compensation for attorney time spent on non-prevailing issues or on matters unrelated to the hearing.[1]

---

[1] Defendant does not contest, however, opposing counsel's reduced hourly rate that the court utilized in the fee calculation.

A-5567-16T3

Our scope of review is limited. We will not disturb a counsel fee award in a matrimonial case under Rule 4:42-9(a)(1) and Rule 5:3-5(c) except "on the 'rarest occasion,' and then only because of clear abuse of discretion." Strahan v. Strahan, 402 N.J. Super. 298, 317 (App. Div. 2008) (quoting Rendine v. Pantzer, 141 N.J. 292, 317 (1995)).

Defendant has demonstrated no such abuse of discretion here, nor any misapplication of the law. We affirm the fee award in its entirety, substantially on the grounds articulated in the Family Part judge's detailed written opinion. The judge meticulously applied the factors under Rule 5:3-5(c) and requirements of Rule 4:42-9(b), with the beneficial perspective of having presided over the plenary hearing in which the counsel fees were incurred.

The judge sensibly rejected defendant's argument that the presence of plaintiff's counsel at the plenary hearing was redundant. Plaintiff had an obvious financial interest in having her rights protected by her counsel at the hearing, as the parties debated the proper apportionment of the parenting coordinator fees between them. The transcripts clearly reflect that plaintiff's counsel performed an active and justified advocacy role at the hearing.

We need not comment on defendant's remaining points, which plainly lack merit as well. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

4